UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                               PLAINTIFF

VS.                      CASE NO. 4:16CV00638-BRW

STATE OF ARKANSAS                                               DEFENDANT

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF TO CLARIFY OR IN THE ALTERNATIVE FOR RECONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion and Brief for the Court to clarify its order dismissing the above-styled action without prejudice, or in the alternative, to reconsider its position.

1.   This court commits an automatic abuse of discretion if it issues a ruling with no explanation behind it.

   (a)   US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010):

   "We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision.

   ...

   It is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing how it exercised that discretion. ... [A] district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing

   ...

in this case, we vacate and remand because the record does not allow us to discern how the district court exercised its discretion. The court did not identify any factors that it considered relevant in deciding to reduce Burrell's sentence and determining the extent of that reduction."

(b) Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice … Under the totality of these circumstances, we conclude that the district court abused its discretion in denying Rayes' requests for substitute counsel. We therefore reverse and remand with directions to appoint counsel and grant a new trial")

(c) Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("[A]lthough we have jurisdiction to review the district court's denial of counsel, we nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(d) Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(e) Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the

imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(f)     US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("Accordingly, given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion in imposing special condition two and, thus, vacate that condition").

(g)     Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion in refusing to award Jarrett $11,970.08 in liquidated damages").

(h)     Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.")

(i)     Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect. In view of ... our conclusion regarding the Court of Appeals' issuance of the order we vacate the order of the Court of Appeals")

(j)     Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with

the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

(k) United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it")

(l) Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard, which we have applied in other Confrontation Clause cases, is inapplicable here. We find respondent's efforts to defend the automatic reversal rule unconvincing")

2. This Court probably is of the belief that, because something resembling an explanation was provided in the last case, that explanation is being incorporated verbatim here. The problem with that logic is that ... there are new allegations being raised which specifically refute the arguments contained in the last report and recommendation!

3. The biggest of these new allegations are contained in Paragraphs 5 & 6 of the Complaint and Jury Demand. Therefore, the conclusions of law contained in the last report and recommendation no longer apply.

4. Do you just *not care* what the law says? Do you believe that the mere fact

that you, personally, disagree with a claim or cause of action alone, without more, causes it to become frivolous? Do you feel as if the law is whatever you say it is, regardless of what is actually on the books? Because that is the only explanation I can think of as to why you would not even *attempt* to refute the legal citations provided in Paragraphs 5-6 of the Complaint.

5.   If you cannot refute these legal citations, then please reconsider your position. I have the right to have my day in court, and even judges (such as Russel Rogers or Brad Karren) do not have absolute power. Judicial immunity protects against even acts of malice or corruption, but there is no judicial immunity against state governments! There is only eleventh amendment immunity, and that has been abrogated in this case! The mere fact that you, personally, do not like a claim does not make it frivolous.

6.   Wherefore, premises considered, I respectfully request that you either reconsider your position, or provide legal citations to counter those I've provided.

So requested on this, the 14th day of September, 2016.

*David Stebbins signature*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com